UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MURUGAN C. PODURI,<br><br>   Plaintiff,<br><br>v.<br><br>TRICOLOR HOLDINGS LLC d/b/a TRICOLOR AUTO,<br><br>   Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:22-cv-01141<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW comes MURUGAN C. PODURI ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRICOLOR HOLDINGS LLC d/b/a TRICOLOR AUTO ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in San Antonio, Texas, within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is an auto finance company providing automobile loans and other related financial products to consumers across the country, including to those in the state of Texas. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6021 Connection Drive, 4th Floor, Irving, Texas 75039.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted debt ("subject consumer debt") that Plaintiff does not owe.

10. In or about August of 2022, Plaintiff began receiving collection calls to his cellular phone, (210) XXX-6583, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -6583. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number (214) 283-1648 when placing collection calls to Plaintiff's cellular phone but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

14. Upon answering one of the first calls from Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject consumer debt. Plaintiff explained that Defendant had the wrong number, that he was new to the United States, and that he was not who Defendant was looking for. Further, Plaintiff demanded that Defendant cease in calling him. In response, Defendant informed Plaintiff that it cannot stop calling Plaintiff because it uses an automatic telephone dialing system ("ATDS").

15. Accordingly, Defendant disregarded Plaintiff's demand and continued placing collection calls to Plaintiff's cellular phone, essentially every day and often numerous times a day, which often resulted in prerecorded messages being delivered to Plaintiff's cellular phone.

16. Plaintiff has repeatedly demanded that Defendant cease in calling him, but to no avail.

17. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

18. Many of Defendant's persistent calls have resulted in prerecorded messages being delivered to Plaintiff's cellular phone.

19. Plaintiff has received dozens of calls from Defendant, including many involving the use of prerecorded messages, despite Plaintiff's demands that the calls cease.

20. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls from an ADS, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant's utilization of an ATDS and prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

26. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using and ATDS and prerecorded messages without his consent. After the first of Defendant's calls were made, consent to make such calls was revoked by Plaintiff by way of him demanding to Defendant that all calls cease. However, Defendant called Plaintiff numerous times after utilizing an ATDS and prerecorded messages notwithstanding its lack of consent to do so.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00

per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MURUGAN C. PODURI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C), in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "debt collector" and as defined by Tex. Fin. Code Ann. §§ 392.001(6).

31. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

33. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone multiple times after he notified it to stop calling him, including the placing a numerous phone calls per day on consecutive days. The mere call volume of Defendant's actions in and of itself is harassing and offensive to any reasonable person. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment despite him not owing such. Defendant continued in its harassing campaign of phone calls in hopes of extracting payment from Plaintiff.

34. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. However, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that their conduct was unwelcome.

      b. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that they had the lawful ability to continue contacting his cellular phone using an ATDS absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

37. Further, Defendant violated the TDCA by deceptively continuing to use an ATDS without consent to do so.

38. Moreover, Defendant violated the TDCA by deceptively continuing to leave prerecorded messages on Plaintiff's cellular phone without consent to do so.

39. Lastly, Defendant violated the TDCA by deceptively and falsely communicating to Plaintiff that it could not stop its calls to Plaintiff because it was using an ATDS.

WHEREFORE, Plaintiff, MURUGAN C. PODURI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

42. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone violated Plaintiff's right to privacy.

43. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

44. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point

where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

45. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

46. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

47. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA and common law, and caused Plaintiff to suffer concrete and particularized harm.

48. Defendant's relentless collection efforts and tactic of repeatedly auto-dialing Plaintiff's cellular phone after he requested that these calls cease is highly offensive and outrageous to a reasonable person, particularly during the tough economic times the country is facing given the current COVID-19 pandemic.

49. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, MURUGAN C. PODURI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

 f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT IV-TRESPASS TO CHATTELS

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

52. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

53. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

54. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

55. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

56. Defendant barraged Plaintiff with numerous phone calls after he made demands that the calls stop, including multiple phone calls on the same day, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

57. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him.

58. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, the loss of battery life, and the significant loss of storage space.

59. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, MURUGAN C. PODURI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in favor of Plaintiff and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: October 19, 2022                    Respectfully submitted,

                                                                     s/ Nathan C. Volheim
                                                                     Nathan C. Volheim, Esq. #6302103
                                                                     *Counsel for Plaintiff*
                                                                     Admitted in the Western District of Texas
                                                                     Sulaiman Law Group, Ltd.
                                                                     2500 South Highland Ave., Suite 200
                                                                     Lombard, Illinois 60148
                                                                     (630) 568-3056 (phone)

(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com